DANIEL PELLÓN LAFUENTE, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 1024. Submitted June 15, 1938.—Decided July 13, 1938.

*M. Acosta Velarde* and *F. Acosta Velarde* for appellant, who also appeared in his own behalf. The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

By a public deed of April 5, 1938, the appellant and Jorge Romaní and his wife proceeded to the partition by actual division of a building lot, which appears recorded in the registry of property under the following description:

"URBAN PROPERTY: A lot situated in the ward of Bayola of Santurce, within the municipal district of San Juan, with an area of 1,337.05 square meters, bounded on the north by the maritime zone over a distance of 27.50 meters, measured from a building lot belonging to Curtarnay Camplyhom Nairn y Perpol, in an easterly direction; on the south 28 meters and in the same direction; on the north it is bounded by another lot belonging to Nairn y Perpol; on the east and over a distance of 44 meters it is bounded by land of Elías Ayende; and on the west and over a distance of 55.50 meters

by the first-mentioned lot of said Nairn y Perpol, which has an area of 26.50 meters on the north and 27 meters on the south and towards the east from Nairn Avenue, which is 40 feet wide.''

It was stated in the third paragraph of the said deed that a new survey of said property showed the same to contain 1,456.68 square meters, and its present boundaries and description are as follows:

"URBAN PROPERTY.—A lot situated in the ward of Bayola of Santurce, within the municipal district of San Juan, with an area of 1,456.68 square meters, bounded on the north over a distance of 27.66 meters by the maritime zone; on the east over a distance of 50.20 meters by Sabino and Romany; on the south over a distance of 28.10 meters by Dr. Antonio R. Reyes; and on the west over a distance of 58.48 meters by the Heirs of Lago.''

On presentation of the said deed in the registry for the purpose of having the parcel of land allotted to the appellant recorded, the registrar refused to record the same in the following decision:

"The record of the above instrument is denied as to the portion allotted to Daniel Pellón, which is the only portion sought to be recorded, and in lieu thereof a cautionary notice is entered for 120 days, in favor of the said person at page 115, vol. 203, North Santurce, property No. 8203, annotation A, as it appears that the main property of which the allotted parcel originally formed part has had its lineal and superficial measurements increased after its new survey and, as a result, in making the present partition of the common property this parcel and the one allotted to the other co-owner have also had their lineal and superficial measurements increased, and no compliance has been had with the required legal procedure to effect the increase in said lineal measurements.''

Feeling aggrieved by that decision, the appellant took the present appeal, wherein prayer is made for a reversal of the decision appealed from for an order directing the respondent to convert the cautionary notice into a final record.

A comparison of the description appearing from the registry with that resulting from the new survey reveals the following discrepancies:

According to the registry the area is 1,337.05 square meters, and according to the new survey it is 1,456.68 square meters, thus showing an increase of 119.63 square meters, which amounts to less than 9 per cent of the whole recorded area.

The lineal measurements of the four boundaries appear to be different. According to the registry, the north boundary measures 27.50 meters, and according to the new survey, 27.66 meters. Similarly, as to the south, east, and west boundaries, which measure respectively: 28 and 28.10, 44 and 50.20, and 55.50 and 58.40 meters.

It is urged by the appellant that as the excess area involved is less than 9 per cent and is not of such a nature as to affect the identification of the parcel, the registrar should have made the record sought. He cites in support of his contention the cases of *Cobb* v. *Registrar,* 12 P.R.R. 211; *Delgado* v. *Registrar,* 29 P.R.R. 807; *Ripoll* v. *Registrar,* 40 P.R.R. 773; *Muriente* v. *Registrar,* 47 P.R.R. 232; *Aboy* v. *Registrar,* 52 P.R.R. 143.

If it were merely the case of a 9 per cent increase in area, without any discrepancy in the boundaries as shown by the registry and by the new survey, the decisions cited by the appellant would compel us to decide the appeal in his favor. But as it happens the differences of 6.20 lineal meters in the east boundary and of 2.98 lineal meters in the west boundary are important and, in our judgment, sufficient for questioning the identity of the property, regard being had for the fact that we are not dealing with a piece of rural property where the boundaries are usually designated by the names of the adjoining landowners, but with an urban property or lot, bounded by other lots and with boundaries fixed according to their lineal measurements.

In *Cobb* v. *Registrar, supra,* this court, in reversing the decision appealed from, said:

"The General Directorate of Registries of Property has held in a number of decisions that *unimportant differences* between the areas

of estates according to the records in the registry and according to the documents presented for record, are not sufficient to question the identity of the estates, *especially when there is no difference in the boundaries,* and the registrar must record the same in the registry in the form prescribed in the Regulations." (Italics ours.)

In *Muriente* v. *Registrar, supra,* where the issue was the recording of an excess area resulting from the grouping together of three lots, this court, in affirming the decision of the registrar who denied the record, expressed itself as follows:

"In all of these cases, (with the exception of *Valladares* v. *Registrar, supra,* which involved a suburban parcel of more than thirty thousand meters) and in most if not all similar cases heretofore decided by this court, the parcels or tracts of land in question were rural properties. It is a matter of common knowledge that only in recent years has the practice of surveying such properties become the rule (if it has become the rule) instead of the exception. If in any of the cases that have come before us (with the exception of *Portocarrero* v. *Registrar, infra*) a previous survey had ever been made, that fact has not been brought to light. On the other hand, when a parcel of land is divided into town or city blocks or lots and sub-divided into fractional parts of such blocks or lots the work is usually done by a more or less competent surveyor and, in any event, there is less opportunity for any appreciable mistake as to the area of the smaller sub-divisions expressed in terms of meters instead of *cuerdas.* The rule may be the same in principle in either case but in its application, we think, the registrar of property may, with good reason, demand from the owner of urban or suburban property something more in the way of evidence than they would require from a rural land owner. As far as we know, this court has never held, even in the case of a rural property that a recital as to the existence of a specified excess said to have been established by a survey, without either a surveyor's certificate or any mention of notice to adjoining land owners, is enough to justify the recording of such excess."

In none of the cases cited by the appellant has it been sought, as in the case at bar, to alter the lineal measurements of the boundaries and to record the excess area resulting from

such alteration, without submitting to the registrar the proper certified copy of the survey plat, with proof of service of notice upon the adjoining landowners prior to the making of the survey.

It can not be questioned, as it is a mathematical fact, that any increase in the lineal measurements of a lot as recorded in the registry must result in an increase in the area of the immovable, with probable prejudice to the owners of the adjacent lots. In our judgment, no alteration or correction of boundaries nor the record of the resulting area should be allowed, even though the difference involved should not reach 20 per cent, without a prior survey made after summoning the adjoining landowners. See *Muriente* v. *Registrar, supra,* and *Aboy* v. *Registrar, supra.*

For the reasons stated, we are of the opinion that the respondent did not err in denying the record sought, and that this decision should be affirmed.

Mr. Justice Wolf concurs in the result.